# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SOLIS, | ) Case No. 2:23-cv-01390-ALM-KAJ |
| Plaintiff, | ) MAGISTRATE JUDGE JOLSON |
| -vs- | ) |
| THE OHIO STATE UNIVERSITY WEXNER MEDICAL CENTER, | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TAXATION OF COSTS

Respectfully submitted,

DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
Scott H. DeHart (0095463)
ZASHIN & RICH CO., L.P.A.
17 South High Street, Suite 900
Columbus, Ohio 43215
Phone:  (614) 224-4411
Fax:  (614) 224-4433
*dcp@zrlaw.com*
*shd@zrlaw.com*

*Attorneys for Defendant*

<u>Introduction</u>

Rule 54(d) provides that "[u]nless a federal statute, these rules, or court order provides otherwise, costs other than attorney's fees should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to the prevailing party. *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). The party objecting to the imposition of costs bears the burden of persuading the court that the imposition is improper. *Freeman v. Blue Ridge Paper Products, Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005)).

Because each of the depositions were reasonably necessary for this case, an award of costs is presumed. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Plaintiff does not argue otherwise. Nor does Plaintiff dispute the necessity and reasonableness of the costs incurred by the Defendant.

Instead, Plaintiff cites *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986), which identified certain guidelines regarding costs. Factors which may overcome this presumption, include:

> . . . determining whether taxable expenditures by the prevailing party are "unnecessary or unreasonably large," whether the prevailing party should be penalized for unnecessarily prolonging trial or for injecting non-meritorious issues, whether the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, whether the case is "close and difficult," the good faith of a losing party in filing the action, and the necessity of the costs.

*White & White*, 786 F.2d at 732-33.

Plaintiff also contends that awarding costs in a case such as this one would have a chilling effect on future civil rights litigants. Each factor will be addressed in turn.

1

Plaintiff's Request to Stay is Premature as the Clerk has not Issued its Determination

As a threshold matter, this Court recently weighed in on a Plaintiff's request to stay ruling on a Motion for Taxation of Costs pending an appeal **prior to** the Clerk of Court issuing its determination. This Court found that any such request is premature unless and until the Clerk issues its decision. *See, Meng Huang v. Ohio State Univ.,* S.D. Ohio No. 2:19-CV-1976, 2023 U.S. Dist. LEXIS 101415, at *2 (June 9, 2023). The *Meng Huang* Court found as follows:

> Under Local Rule 54.1, it is the role of the Clerk of Court to tax costs. *See* S.D. Ohio Civ. R. 54.1. Once the Clerk has made its determination of costs, a party may move the Court to review the Clerk's determination or stay the matter. *See* Fed. R. Civ. P. 54(d)(a); *Goldblum v. Univ. of Cincinnati,* No. 1:19-CV-398, 2023 U.S. Dist. LEXIS 26656, at *1 (S.D. Ohio Feb. 15, 2023).
>
> The Court finds that Plaintiff's motion to stay taxation is premature. Here, Plaintiff moved to stay before the Clerk had an opportunity to consider the Bill of Costs and made a determination of costs. The Court further notes that Local Rule 54.1 provides, "The Clerk may defer taxation of costs pending appeal. S.D. Ohio Civ. R. 54.1. Thus, the Clerk could defer taxation pending appeal. *See Goldblum*, 2023 U.S. Dist. LEXIS 26656, at *1-2 (holding that plaintiff's motion to stay taxation of costs was premature because "the Clerk has not yet considered Defendant's Bill of Costs or taxed it against Plaintiff").

The same principle applies here. Plaintiff's request to stay any ruling on Defendant's Motion for Taxation of Costs is premature until the Clerk issues its determination. At that time, pursuant to S.D. Ohio Civ. R. 54.1, the Clerk may defer taxation of costs pending appeal.

Purported "Chilling Effect" on Future Litigants

This argument is frequently asserted in employment discrimination cases such as this one – to no avail. The Northern District of Ohio recently addressed and discarded this precise argument in an employment discrimination case that was disposed of in its entirety on summary judgment, but involved a much larger cost bill of $18,769.00. *Brinson v. Summit Cnty.,* N.D. Ohio No. 5:21-CV-1638, 2023 U.S. Dist. LEXIS 163934, at *7-8 (Sept. 15, 2023). The *Brinson* Court held:

2

> There is a sound policy reason to encourage potentially meritorious litigants to bring suit without fear of large cost assessments. But here, Brinson's claims were neither close nor difficult. As discussed above, Brinson failed to produce any evidence to support his many claims. As such, this Court finds little risk that assessing costs against Brinson would deter future litigants with potentially meritorious claims—so long as they have some evidence to support their claims. *See Hildebrandt v. Hyatt Corp.,* No. 1:02-cv-3, 2006 U.S. Dist. LEXIS 78163, at *10 (S.D. Ohio Oct. 26, 2006). ("[D]espite [p]laintiff's claims of a chilling effect, the Sixth Circuit continues to indicate that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate.") (citing cases). This factor weighs in favor of assessing defendants' costs.

This Court's decision in *Hildebrandt* cites no less than four Sixth Circuit cases that stand for the proposition that prevailing employers are entitled to costs in employment discrimination cases. *Id.* at *10.

Further, this Court very recently addressed and discarded this exact same argument. *See, Santiago v. Meyer Tool Inc.,* S.D. Ohio No. 1:19-CV-32, 2024 U.S. Dist. LEXIS 70302, at *18-19 (Apr. 17, 2024). The *Santiago* Court held:

> Plaintiff, however, has not "[i]dentif[ied] any chilling effect specific to this case that would not exist in every case in which a member of a protected class sues a larger institution." *Thompson v. Ohio State Univ.,* No. 2:12-CV-1087, 2016 WL 1625828, at *3 (S.D. Ohio Apr. 25, 2016) (racial discrimination case); *see also Frye v. Baptist Mem'l Hosp., Inc.,* 507 F.App'x 506, 508 (6th Cir. 2012) (no chilling effect in FLSA case); *see also Carroll v. State of Ohio Dep't of Admin. Servs.,* No. 2:10-CV-385, 2015 WL 13001322, at *3 (S.D. Ohio Jan. 14, 2015) ("Indeed, if the Court held otherwise, virtually every plaintiff who loses a Title VII case will have an argument against awarding costs.") Simply being a losing plaintiff in an employment case is not in and of itself enough to seek relief from costs due to a concern of a chilling effect.

This Court has repeatedly denied the "chilling effect" argument in the motion for taxation of costs context asserted by Plaintiff here. The same result is warranted. This factor weighs in favor of Defendant.

<u>Close and Difficult Case</u>

The determination of whether a case is close and difficult turns "not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift

3

through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732-33. The *White & White* case involved a complex antitrust action with an 80-day trial, 43 witnesses, 800 exhibits, and over 15,000 pages of transcript, which resulted in a 95-page opinion. *Id.* at 732. The Sixth Circuit upheld the district court's denial of costs based on, *inter alia*, the length and difficulty of the case. *Id.* at 733.

This case is a far cry from *White & White*. This was an employment discrimination case that did not even involve a termination – it addressed two discrete failures to promote. There was nothing about this case that was particularly unusual, developed new law, or amplified existing case law. It was not a case of first impression.

Further, as this Court observed in *Santiago*, "just because claims are contested and cases are hard fought does not make them close and difficult." 2024 U.S. Dist. LEXIS 70302, at *16-17 (internal citations omitted). Additionally, the *Santiago* Court also observed that "[c]ourts have also rejected 'close and difficult' arguments where claims were resolved on summary judgment 'based on straightforward analysis' of the facts." *Id.* at *17. This case did not even reach the level of a trial. This factor also weighs in favor of Defendant.

Good Faith

Defendant is not asserting that the Plaintiff proceeded in bad faith. "Good faith is a relevant consideration," but "without more…is an insufficient basis for denying costs to a prevailing party." *White & White*, 786 F.2d at 731; *see also, Santiago*, at *18 (plaintiff bringing an action in good faith "is insufficient on its own for plaintiff to overcome the presumption that [defendant] is entitled to costs."). Plaintiff does not have "more," as required by the Sixth Circuit and this Court to overcome the presumption in favor of taxing costs.

4

Other Factors

Plaintiff does not contend that Defendant unnecessarily prolonged this action or injected non-meritorious issues. *White & White*, 786 F.2d at 730. Further, as addressed above, Plaintiff does not question the necessity of the costs. *Id.* at 731.

Farah's Second Deposition

Without citing to any authority, Plaintiff contends that she should not be responsible for the costs associated with the second deposition of Ajwad Farah. (Doc. 41, PAGEID# 1618, 1622). As set forth in Defendant's Motion for Taxation of Costs, court reporter fees were expended in the amount of $201.00 for this deposition.

While it is accurate that Farah was deposed for a second time to cover a spreadsheet that he produced after his first deposition, there is no dispute that his deposition testimony regarding the spreadsheet in question was "necessary." In other words, it was going to occur whether it was covered in the initial deposition or in the second deposition. The appropriate analysis is necessity, and Farah's deposition testimony in the second deposition was undoubtedly necessary, as his testimony regarding the spreadsheet was cited by this Court in its opinion granting summary judgment. (Doc. 34, PAGEID# 1570).

The controlling statute, 28 U.S.C. § 1920(2), provides that costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." In the Sixth Circuit, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). The deposition testimony of Farah was plainly necessary, and would have occurred irrespective of the timing of the production of the spreadsheet in question.

5

Conclusion

There is a well-settled presumption in favor of awarding costs to Defendant. Plaintiff has not identified any compelling reasons that this Court should stray from this presumption. Accordingly, Defendant submits that its Motion for Taxation of Costs is well-taken and respectfully requests for the taxation of $2,986.30 against Plaintiff Stephanie Solis.

    Respectfully submitted,

    DAVE YOST (0056290)
    Attorney General of Ohio

    */s/ Drew C. Piersall*
    Drew C. Piersall (0078085)
    Scott H. DeHart (0095463)
    ZASHIN & RICH CO., L.P.A.
    17 South High Street, Suite 900
    Columbus, Ohio 43215
    Phone:  (614) 224-4411
    Fax:  (614) 224-4433
    *dcp@zrlaw.com*
    *shd@zrlaw.com*

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the foregoing was filed electronically on April 29, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ Drew C. Piersall*
    Drew C. Piersall (0078085)